## Case No. 5,247.

### GARRATT v. DAVIDSON et al.

[3 App. Com'r Pat. 21.]

Circuit Court, District of Columbia.   March 10, 1857.

PATENTS—INTERFERENCE— APPEAL — EVIDENCE OF INVENTION.

[1. Conversations and declarations of a party stating that he has made an invention, describing its details and explaining its operations, are properly to be deemed an assertion of his right at that time, as an inventor, to the extent only of the facts and details which he then makes known.]

[2. On appeal from the commissioner's decision in an interference case, the burden is on appellant to prove that he is the prior inventor.]

Appeal [by Alfred C. Garratt] from the decision of the commissioner of patents refusing to grant to him letters patent for an improvement in surgical pump syringes, and awarding priority of invention to Charles H. Davidson and H. E. Davidson.

The specification of the appellant states very particularly the construction and nature of his invention, and then says: "I am aware that elastic bags and tubes, and that valves, also, have been in use for syringe purposes. Therefore, neither of these devices do I claim separately. I claim, as new and my invention, combining the globular valve, as adjusted at E, with the reservoir suction sack C, and the valve A, as arranged at the extremity of the tube B, or their equivalents, so as to constitute a new and improved surgical syringe." This amended specification appears to have been filed June 25, 1856. The original specification was filed May 9, 1856. The specification of the Davidsons states the nature of their invention thus: "The nature of our invention consists in the combination of a hollow elastic bulb of a prolate spheroidal shape with flexible tubes, and metallic valve boxes containing valves arranged for the purpose of eduction and ejection. When the elastic tubes and metallic valve boxes are all attached to such an elastic bulb or sac in or nearly in its greatest axial line, the prolate spheroidal form of sac is the one best adapted to produce the greatest effect from the grasp of the hand by which the instrument is operated by so combining it with the tubes and valve boxes that they shall be in or nearly in the greatest axial line of the sac and the fluid is passed through the instrument in the most direct manner, with the least loss of effect possible by friction." They state their claim thus: "The combination of the prolate spheroidal shaped elastic sac with flexible tubes terminating in valve boxes containing valves arranged for the purpose of eduction and ejection when the sac tubes and valve boxes are in or nearly in the same axial line, the whole operating together substantially in the manner and for the purposes set forth." An interference having been declared, each of the parties was allowed to take their testimony. Upon the hearing thereof, and the arguments, the commissioner, cn November 4, 1856, finally decided, awarding priority of invention to the said Charles H. and Herman E. Davidson; from which decision the said Alfred C. Garratt hath appealed, and filed his reasons of appeal: "First. That the commissioner has erred, as matter of fact, that said Garratt had not, prior to any date, proved by the Davidsons, perfected his invention or improvement in syringes substantially as he now seeks to patent it, to wit, the arrangement of a bag in the course of a tube for the purpose of exhausting one part of the tube and expelling the injection fluid through the other by compressing and releasing the bag. Second. As matter of law, in deciding that the production of such an article as was shown by said Garratt to the witness Putman, and so explained by the former to the latter, was not such a completed invention as under the statutes entitled said Garratt to letters patent. Third. As matter of law, in deciding that it was necessary to show, on the part of Garratt, that he had used diligence in putting his invention into use, so long as it did not appear that the same had resulted in experiment simply, and so been abandoned."

The commissioner's reasons for his decision are that "the patentable feature at issue in the cases interfering is the combination of an elastic sack with two flexible tubes terminating in proper valves to constitute a syringe to be operated by the squeezing of the sack, and having its forcing tube distinct from its suction tube. The evidence shows that Alfred C. Garratt did not, previous to his application for letters patent, —that is, previous to March 29, 1856,—produce the whole of the above combination. Any parts thereof, whatever his plans might have been for their practical adaptation to a syringe, would not have been a syringe as here claimed, until sack, tubes, and valves were effectually so combined as to constitute a syringe to be worked by the squeezing and relaxing of the bag both for suction and forcing of the liquid. Elastic sacks, flexible tubes, and valves of all kinds being separately of common application in syringes and pumps, nothing short of the whole combination indicated above can be considered here as the point at issue, and the evidence in this respect for Garratt does not go back prior to his application, while that in favor of Charles H. and Herman E. Davidson goes as far back as February, 1853. Priority of invention is therefore awarded to Charles H. and Herman E. Davidson."

At the time and place appointed for the hearing of this cause, the commissioner laid before me all the original papers in the case, with the evidence, and his written report, and the reasons of appeal, and the said case was submitted with the written argument on behalf of the respective parties. I think, from reading the specifications of the parties, that

the inventions are substantially the same, and that the invention, to be patentable, being claimed as an improvement, must be shown by the appellant to have been made and discovered by him in the combination as stated in the specification, without which there would be a want of novelty. The real and only issue in the case is, as stated by the commissioner, which of the parties is the first and original inventor of said instrument with its improved combination? And the proof to show it is on the appellant. It seems to be unquestionably established that the appellee has shown that his invention was discovered as early as February, 1853.

I proceed to consider the testimony on the part of Mr. Garratt. The witness Silas S. Putman says that in the fall of 1851 he called at the house of Mr. Garratt in the evening; that Dr. Garratt showed the witness a depletor first. After showing him the operation of this, he took from a little box an india rubber bag; two tubes of india rubber connected with it on opposite sides. The doctor worked it in his hands by squeezing the bag, and said, "I can make (or I have got) a complete syringe,"—one or the other; witness could not tell distinctly which he said. He said, "I mean to put it through when I get able (or have time)"; witness does not know which he said. Witness believes that is all. That they had some further conversation about it. What was said he does not recollect distinctly. He is asked by the appellant's counsel: "Look at the article now shown you, marked, 'Alfred C. Garratt, W. A. P.,' and state how that article compares with what was shown you on the aforesaid occasion by Dr. Garratt." To which he answers: "The bag that I saw was not so finished as this, I should think. It was not so long. It was more of a circular shape; more like an india rubber ball with tubes on opposite sides. I should think the tubes were of equal lengths. I don't recollect seeing any ivory tube, neither did I see this wooden ball at the end of the other tube. That is all I recollect about it." In answer to the question, on cross-examination, "Did Dr. Garratt then describe to you the mode in which he could make a syringe from that bag?" Answer, "No, sir." He also said the tubes were of india rubber, but he did not recollect seeing anything at either end of the tube. To a question, "Could you look into the ends of the tubes?" Answer, "I did not look to see." He further said he did not see any valves about the instrument. The amount of the evidence, then, is, that the witness did not know that the instrument shown to him by Dr. Garratt, from its appearance, had any valves; nor did he recollect seeing anything at either end of the tube. He did not look to see, nor did Dr. Garratt describe to him, the mode in which he could make the syringe a complete syringe, as he said he had done or could do; gave no description of the particular contrivance or device of which the instrument shown to him was constructed; as to the comparison, he thought the external appearance differed in some respects, and corresponded in others with the one which had been shown to him. Inasmuch, therefore, as the witness could not testify to a knowledge, either from his own observation or from a detailed statement at the time by Dr. Garratt of the patentable features of the invention, or of any sufficient evidence of identity between the instrument shown to him originally in 1851 and that subsequently exhibited to him, I think he has failed to prove that he was the first and original inventor of that invention which is in issue in this case. The rule of law applicable to this point I take to be that it is necessary to be proven; that the conversations and declarations of the party stating that he had made an invention and describing its details and explaining its operations are properly to be deemed an assertion of his right at that time as an inventor, to the extent of the facts and details which he then makes known. My conclusion, therefore, is that the decision of the commissioner is correct.

Before MORSELL, Circuit Judge.

Patent for a new and useful improvement in surgical pump syringes, and for awarding priority of invention to Charles H. Davidson and H. E. Davidson.

I, JAMES S. MORSELL, assistant judge of the circuit court of the District of Columbia, certify to the commissioner of patents that in the appeal of the above-named Alfred C. Garratt from the decision of the commissioner, as above stated, due notice having been first given to the parties of the hearing of said cause, and they having submitted the same upon written arguments, upon full consideration of said case, I do hereby decide and adjudge that the said decision of the commissioner is correct, and the same is hereby affirmed.